# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal No. 3:07cr00104 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| NICOLE JOHNSON, | : | |
| Defendant. | : | |

# ORDER

This case is before the Court upon Defendant Nicole Johnson's pro se Resentencing Memorandum and Objections to the Guidelines Calculations (Doc. #31) and the record as a whole. Defendant Johnson argues that her sentence should be adjusted and recalculated "[d]ue to recent significant District, Appellate and Supreme Court rulings . . ." (Doc. #31 at 131). To support her request for resentencing, she relies on her plea agreement, which states, "The parties reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate. . . ." *Id*. at 159; *see* Doc. #16, PageID at 35.

Although Johnson's plea agreement arguably reserves to her a contractual right to seek recalculation of her sentence, *cf. Puckett v. United States*, 556 U.S. 129, 137 (2009) ("plea bargains are essentially contracts"), the Court's authority to adjust or recalculate her sentence must derive from another source, such as 28 U.S.C. §2255(a). "'A district

court may modify a defendant's sentence only as provided by statute.'" *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009) (quoting *United States v. Perdue,* 572 F.3d 288, 290 (6th Cir. 2009)); *see* 18 U.S.C. §3582(c)(1)(B) ("the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . ."). Section 2255 provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Because Defendant Johnson's Memorandum and Objections make no mention of 28 U.S.C. §2255, the Court cannot recharacterize her Memorandum and Objections as a §2255 Motion without first providing her with certain notice and an opportunity to withdraw or amend her Memorandum. *See Castro v. United States*, 540 U.S. 375, 377 (2003). Accordingly, the Court places Defendant Johnson on **NOTICE** of the following:

1. The Court intends to recharacterize and consider her Memorandum and Objections to the Guidelines Calculations (Doc. #31) to be a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255;

2. Recharacterization of her Memorandum and Objections as a §2255 Motion will subject any subsequent §2255 Motion she might seek to file to possible dismissal as a second or successive §2255 motion;

3. To avoid recharacterization of her Memorandum and Objections as a §2255 Motion, Defendant Johnson must withdraw or amend her Memorandum and Objections **on or before June 22, 2012**; and

4. If Defendant Johnson takes no action **by June 22, 2012**, the Court will

thereafter consider her Memorandum and Objections to be a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255.

June 1, 2012
                 s/Sharon L. Ovington
                   Sharon L. Ovington
               United States Magistrate Judge