**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**NICOLE JOHNSON**

**Petitioner/Defendant,**

**-v-**

**UNITED STATES OF AMERICA**

**Respondent/Plaintiff.**

**Case No. C-3:12-cv-227**
**Also criminal Case No. C-3:07-cr-104**

**Judge Thomas M. Rose**
**Magistrate Judge Sharon L. Ovington**

---

**ENTRY AND ORDER OVERRULING JOHNSON'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #37 IN THE CRIMINAL CASE); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #34 IN THE CRIMINAL CASE) IN ITS ENTIRETY; RECHARACTERIZING JOHNSON'S RESENTENCING MEMORANDUM AND OBJECTIONS AS A § 2255 MOTION; DENYING AND DISMISSING JOHNSON'S § 2255 MOTION; DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; AND TERMINATING THIS CASE**

---

This matter comes before the Court pursuant to pro se Petitioner Nicole Johnson's ("Johnson's") Objections to Magistrate Judge Sharon L. Ovington's Report and Recommendations (doc. #34).

The time has run and the Government has not responded to Johnson's Objections. Johnson's Objections are, thus, ripe for decision.

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Upon said review, the Court finds that Johnson's Objections to the Magistrate Judge's Report and Recommendations are not well-taken, and they are hereby OVERRULED. The Magistrate Judge's Report and

Recommendations is adopted in their entirety.

Johnson's Resentencing Memorandum and Objections make no mention of 28 U.S.C. § 2255. However, Johnson was provided with notice and an opportunity to withdraw or amend her Memorandum, including notice of the Court's intention to recharacterize her Memorandum as a § 2255 Motion. Johnson did not respond to the notice and has not otherwise withdrawn her Memorandum. Therefore, Johnson's Memorandum is recharacterized as a § 2255 Motion.

Recharacterizing her Memorandum as a § 2255 Motion triggers the need to review it under Rule 4 of the Rules Governing § 2255 motions. Pursuant to this review, the Court finds that Johnson did not file her § 2255 Motion within one year after the judgment about which she complains became final.

Johnson's convictions became final for statute of limitations purposes on April 22, 2008. She filed the present § 2255 Motion on May 1, 2012. The present § 2255 Motion was filed more than two (2) years after her convictions became final and well beyond § 2255's one-year statute of limitations. Further, Johnson is not entitled to equitable tolling. Therefore, Johnson's § 2255 is denied and dismissed because it was filed outside of the applicable statute of limitations.

Further, because reasonable jurists would not disagree with these conclusions, Johnson is denied a certificate of appealability and leave to appeal in forma pauperis. Finally, The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Fifth Day of September, 2012.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Nicole Johnson at her last address of record